**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4451**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHARIFF YSALAM CAUGHMAN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:07-cr-00307-BO-1)

Submitted:  October 23, 2008          Decided:  March 24, 2009

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheriff Ysalam Caughman pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Caughman to a 131-month term of imprisonment. On appeal, Caughman's counsel has filed an Anders[*] brief, noting that Caughman waived the right to appeal his sentence in the plea agreement and that there are no meritorious issues for appeal. However, counsel questions whether Caughman's sentence is longer than necessary to achieve the objectives of 18 U.S.C. § 3553(a) (2006). Caughman has filed a pro se supplemental brief raising several issues. The Government has moved to dismiss the appeal based on Caughman's waiver of appellate rights. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy,

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

the waiver is both valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).  The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Caughman knowingly and voluntarily waived the right to appeal his sentence.  Moreover, the sentencing claim Caughman's counsel raises on appeal falls within the scope of the waiver.  We therefore grant the Government's motion to dismiss this portion of the appeal.

Although the waiver provision in the plea agreement insulates Caughman's sentence from appellate review, the waiver does not preclude our consideration of any errors in Caughman's convictions that may be revealed by our review pursuant to Anders.  In accordance with Anders, then, we have examined the entire record in this case and have found no meritorious issues not covered by the waiver.  Our review of the transcript of the plea colloquy leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Caughman's guilty plea and that any omissions did not affect his substantial rights.  The district court ensured that the plea was entered knowingly and voluntarily and was

3

supported by an independent factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Moreover, none of the issues in Caughman's pro se supplemental brief raise meritorious issues for appeal.

Accordingly, we affirm Caughman's convictions and dismiss the appeal of his sentence.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4